

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE A. GARDNER, JR. | : | CIVIL ACTION |
| v. | : | No. 18-2344 |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | |



FILED

SEP - 3 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## ORDER

AND NOW, this 3rd day of September, 2019, upon careful and independent consideration of Petitioner Jesse A. Gardner Jr.'s pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (the Petition), and upon de novo review of the Report and Recommendation of United States Magistrate Judge Richard A. Lloret and Gardner's objections thereto, it is ORDERED:

1. Gardner's objections (Document 16) are OVERRULED.[1]

---

[1] On June 4, 2018, Petitioner Jesse A. Gardner Jr. filed the instant pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court referred the Petition to United States Magistrate Judge Richard A. Lloret for a report and recommendation (R&R). On November 19, 2018, Judge Lloret issued an R&R recommending the Petition be denied and dismissed with prejudice as untimely. Gardner did not file any objections to the R&R. Rather, he directly appealed the R&R to the Third Circuit Court of Appeals. In his notice of appeal, Gardner objected to Judge Lloret's statutory tolling calculation with regard to whether his petition was timely filed within the one-year limitation. The Third Circuit dismissed Gardner's appeal for failure to timely prosecute. However, because this Court never adopted the R&R, Gardner's appeal was a premature appeal of a non-final order, *see Siers v. Morrash*, 700 F.2d 113, 114-115 (3d Cir. 1983), and the Court must now decide whether to adopt the R&R in this case. Accordingly, in the interest of justice, the Court will construe Gardner's arguments in his notice of appeal as objections to the R&R. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objections are made." Because the procedural history of Gardner's case is directly at issue in determining the statutory tolling period, the Court outlines it below.

On June 4, 2015, Gardner pled guilty in the Court of Common Pleas of Montgomery County to one count of stalking. On the same day, Gardner also pled guilty to twenty counts of theft and receiving stolen property. Gardner was sentenced on September 15, 2015, to ninety-one days in confinement, three years of county parole, and four years of probation. *See* Mont. Co. Crim. Docket No. CP-46-CR-0000381-2015. Gardner also received a sentence of up to twenty-three months and five years of probation on the theft convictions. *See* Mont. Co. Crim. Docket No. CP-46-CR-0001753-2015. The two sentences were to run concurrently. Although Gardner pled

guilty to and was sentenced on both convictions simultaneously, in this Petition, Gardner only challenges the stalking conviction and sentence.

Gardner did not directly appeal his stalking conviction and therefore it became final on October 15, 2015. On June 10, 2016, Gardner timely filed a petition for relief under Pennsylvania's Post-Conviction Relief Act (PCRA) in the Court of Common Pleas of Montgomery County in which he challenged both his stalking and theft convictions. The Common Pleas Court issued its notice of intent to dismiss Gardner's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on March 1, 2017. Before the court issued a final order dismissing Gardner's PCRA petition, Gardner filed a petition for allowance of appeal to the Pennsylvania Supreme Court, pursuant to Pennsylvania Rule of Appellate Procedure 1311 and 1316, on March 21, 2017. The Common Pleas Court then issued its final order dismissing Gardner's PCRA petition on March 27, 2017. The Pennsylvania Supreme Court denied and dismissed Gardner's petition for allowance of appeal on July 6, 2017.

On October 25, 2017, Gardner filed a petition for federal habeas corpus relief pursuant to § 2254, challenging the conviction and sentence of the twenty theft charges. *See* Pet. for Writ of Habeas Corpus, *Gardner v. Attorney General*, No. 17-4801 (E.D. Pa. Oct. 25, 2017), ECF No. 1. This petition did not mention or challenge his stalking conviction or sentence. This Court denied and dismissed his first habeas corpus petition on September 12, 2018. *See* Order, *Gardner v. Attorney General*, No. 17-4801 (E.D. Pa. Sep. 12, 2018), ECF No. 24.

Gardner subsequently filed a second PCRA petition on April 26, 2018, which the Court of Common Pleas dismissed on May 25, 2018. Gardner did not appeal the dismissal of his second PCRA petition. Finally, on June 4, 2018, Gardner filed the instant Petition.

Gardner objects to Judge Lloret's calculation of statutory tolling regarding his "properly filed" appeal of his first PCRA petition. Specifically, Gardner argues that Appellate Rule 1316 permits his petition for allowance of appeal to the Pennsylvania Supreme Court on March 21, 2017, to be treated as a timely notice of appeal of his PCRA as required by Appellate Rule 902. If Appellate Rule 1316 applies, then his one-year limitation period continued to toll until his appeal became final, i.e., thirty days after the Pennsylvania Supreme Court issued its dismissal on July 6, 2017. Gardner also states "the limitation period, therefore, resets itself" from the date of the Pennsylvania Supreme Court's dismissal, giving him one-year after the Pennsylvania Supreme Corut's dismissal to file the instant Petition.

As Judge Lloret noted, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a petitioner one year after his or her conviction becomes final to file a federal habeas petition under § 2254. The AEDPA's statute of limitations may either be statutorily tolled or equitably tolled. A properly filed PCRA petition statutorily tolls the federal limitations period. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 415–17 (2005).

Gardner asserts his initial PCRA petition was timely filed, and any subsequent appeal— regardless of whether the appeal was timely or proper—tolls the AEDPA's statute of limitations. However, Gardner's broad interpretation of the AEDPA's statutory tolling provision is incorrect. Under Third Circuit law, a PCRA petition is considered "validly pending" from when it is timely filed to the expiration of time for seeking review. *See Swartz v Meyers*, 204 F.3d 417, 418 (3d Cir. 2000) (holding PCRA petition is pending during time between lower court ruling on petition and expiration of time for seeking review). Thus, once the period for appealing a dismissed PCRA petition expires, the AEDPA's statute of limitations is no longer tolled. *See id.*

Turning to the tolling of Gardner's limitation period, his conviction became final thirty days after he was sentenced on October 15, 2015. His one-year limitation period ran from October 15, 2015 until the filing of his PCRA petition on June 10, 2016. At the time the PCRA petition began tolling, 239 days of the federal limitations period had expired and only 126 days remained. The trial court dismissed Gardner's PCRA petition on March 27, 2017, and it became final on April 26, 2017.

Judge Lloret's calculation in the R&R has the limitation period beginning to run again beginning on the date the trial court's order became final- -April 26, 2017. Gardner argues that his petition to the Pennsylvania Supreme Court should be construed as a notice of appeal, preventing the trial court's dismissal from becoming final. The limitations period, according to Gardner, would not have begun running again until the Pennsylvania Supreme Court dismissed his petition on July 6, 2017—or thirty days after, when the order became final on August 5, 2017.

According to Appellate Rule 1316, an appellate court is required to treat a "timely, but erroneous, petition for permission to appeal . . . as a timely notice of appeal" if the order is immediately appealable as of right and the "party has filed a timely petition for permission to appeal pursuant to [Appellate Rule] 1311." Because Gardner filed a petition for permission to appeal pursuant to Appellate Rule 1311, he asserts applying Appellate Rule 1316 to his case would permit his petition for allowance of appeal to the Pennsylvania Supreme Court to be treated as a timely notice of appeal under Appellate Rule 902. Thus, the period between the dismissal of his first PCRA petition and the dismissal of his petition to the Pennsylvania Supreme Court would have continued to toll his one-year limitation period. However, despite Gardner's claim, Appellate Rule 1316 does not apply to his petition for allowance to appeal.

Gardner's petition to the Pennsylvania Supreme Court cannot be treated as a timely notice of appeal because the order he sought to appeal was not "appealable as of right" as required by Appellate Rule 1316. The Court of Common Pleas issued a notice of its intention to dismiss Gardner's first PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on March 1, 2017. Gardner subsequently filed the petition to the Pennsylvania Supreme Court on March 21, 2017, *before* the Court of Common Pleas had issued its final order dismissing the petition. Rule 1316 only applies to orders that are immediately appealable as of right. The trial court's Rule 907 notice was not an immediately appealable order. *See* Pa. R.A.P. 341(c) (defining final order as appealable if the order disposes of all claims and parties). Rather, only the final dismissal on March 27, 2017 was immediately appealable by Gardner. *See* Pa. R. Crim. P. 907 (requiring judge to promptly issue an order advising defendant of the right to appeal *from the final order* disposing of the PCRA petition when issuing a Rule 907 notice). Consequently, Gardner's argument that his petition for allowance of appeal to the Pennsylvania Supreme Court continued to toll the AEDPA's limitation period is meritless. Without an immediate appeal to the Pennsylvania Superior Court—or a "timely, but erroneous, petition for permission to appeal" *after* the trial court issued its dismissal order—Gardner's PCRA petition became final thirty days after the dismissal on April 26, 2017. Thus, Gardner's one-year limitation expired on August 30, 2017, and his filing of this Petition on June 4, 2018, was untimely.

Even applying his interpretation of Appellate Rule 1316, Gardner's Petition is still untimely. If the petition to the Pennsylvania Supreme Court continued to toll the limitations period, it only did so until the dismissal became final on August 5, 2017. As noted above, Gardner had 126 days remaining to file this Petition. Nevertheless, Gardner filed this Petition on June 4, 2018 - 177 days after the AEDPA limitations period would have expired under his interpretation of

2. The Report and Recommendation (Document 14) is APPROVED and ADOPTED.

3. Gardner's Petition (Document 1) is DENIED.

4. A certificate of appealability shall not issue, as Gardner has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v McDaniel*, 529 U.S. 473, 483-84 (2000).

BY THE COURT:

Juan R. Sánchez, C.J.

---

Appellate Rule 1316. Therefore, Gardner's objections are overruled, Judge Lloret's R&R is approved and adopted, and the Petition is denied.